# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

| | |
|---|---|
| SCOTT STEELE, on behalf of himself and all others similarly situated, | ) ) ) ) Case No. 2:11-cv-10375-DPH-VMM ) ) Honorable Denise Page Hood |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFFS' MOTION FOR CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS AND LIAISON COUNSEL

Pursuant to Fed. R. Civ. P. 42(a), Plaintiff Steele hereby respectfully requests that the court consolidate Case No. 2:11-cv-10375, Case No. 2:10-cv-14360, Case No. 2:10-cv-14887 and Case No. 2:11-cv-10276.

Pursuant to Fed. R. Civ. P. 23(g), Plaintiff Steele hereby respectfully requests that the Court appoint Gustafson Gluek P.L.L.C. as Lead Counsel on behalf of the putative class and Kresch Oliver P.L.L.C. as Liaison Counsel on behalf of the putative class.

This Motion is based on the pleadings, files, and records herein, including Plaintiff Steele's Memorandum in Support of the Motion for Lead Counsel and Liaison Counsel and the exhibits in support thereof.

Dated: February 08, 2011                    Respectfully submitted,


                                             /s/Alyson Oliver
                                             Alyson Oliver (#55020)
                                             **Kresch Oliver PLLC**
                                             24100 Southfield Road, Suite 305
                                             Southfield, MI 48075
                                             Telephone: (248) 327-6556
                                             Facsimile: (248)436-3385
                                             aoliver@krescholiver.com

                                             Daniel E. Gustafson
                                             Daniel C. Hedlund
                                             Joshua Rissman
                                             **Gustafson Gluek PLLC**
                                             650 Northstar East
                                             608 Second Avenue South
                                             Minneapolis, MN 55402
                                             Telephone: (612) 333-8844
                                             Facsimile: (612) 339-6622
                                             dgustafson@gustafsongluek.com
                                             dhedlund@gustafsongluek.com
                                             jrissman@gustafsongluek.com

                                             Joseph Goldberg
                                             **Freedman Boyd Hollander Goldberg & Ives, P.A.**
                                             20 First Plaza, Suite 700
                                             Albuquerque, NM  87102
                                             Telephone:  (505) 842-9960
                                             Facsimile:  (505) 842-0761
                                             jg@fbdlaw.com

Dianne M. Nast
**RodaNast, P.C.**
801 Estelle Drive
Lancaster, PA  17601
Telephone:  (717) 892-3000
Facsimile:  (717) 892-1200
dnast@rodanast.com

W. Joseph Bruckner
Richard A. Lockridge
**Lockridge Grindal Nauen P.L.L.P.**
100 Washington Avenue South,
Suite 2200
Minneapolis, MN  55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
ralockridge@locklaw.com

Charles S. Zimmerman
Anne T. Regan
**Zimmerman Reed**
Zimmerman Reed, PLLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
charles.zimmerman@zimmreed.com
anne.regan@zimmreed.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| SCOTT STEELE, on behalf of himself and all others similarly situated, | ) ) ) ) | Case No. 2:11-cv-10375-DPH-VMM |
| | ) | Honorable Denise Page Hood |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| BLUE CROSS BLUE SHIELD OF MICHIGAN, | ) ) ) | |
| Defendant. | ) ) | |

_____ )

### STEELE PLAINTIFF'S MEMORANDUM IN SUPPORT OF CONSOLIDATION AND APPOINTMENT OF INTERIM CLASS AND LIAISON COUNSEL

<u>**STATEMENT OF THE ISSUES PRESENTED**</u>

1. Should the Court consolidate Case No. 2:11-cv-10375, Case No. 2:10-cv-14360, Case No. 2:10-cv-14887 and Case 2:11-cv-10276 where the risk of prejudice to the parties is minimal and the actions involve common questions of law and fact?

   Plaintiff's answer: Yes

   The Court should answer: Yes

2. Should Gustafson Gluek PLLC be appointed as Interim Class Counsel and Kresch Oliver PLLC be appointed as Interim Liaison Counsel for the putative class, where the firms have considerable experience litigating complex class actions and will fairly and adequately represent the class by efficiently litigating the case?

   Plaintiff's answer: Yes

   The Court should answer: Yes

## CONTROLLING OR MOST APPOSITE AUTHORITIES

**Cases**

*In re Packaged Ice Litig.*, No. 08-MD-01952, 2009 WL 1518428 (E.D. Mich. June 1, 2009).

*In re Delphi ERISA Litig.*, 230 F.R.D. 496 (E.D. Mich. 2005).

**Rules**

FED. R. CIV. P. 23(g)(3)

FED. R. CIV. P. 42(a)

## I.      INTRODUCTION

Gustafson Gluek's and Kresch Oliver's attributes combine to form a partnership that will result in an effective and efficient prosecution of this case.  Gustafson Gluek's experience in antitrust class actions and Kresch Oliver's experience within the Eastern District of Michigan will benefit the Court as this case progresses.  Appointment of Lead and Liaison Counsel that meet Rule 23(g)'s requirements and the assignment of responsibilities to Lead and Liaison Counsel are consistent with the *Manual on Complex Litigation's (Fourth)* (*Manual*) recommended organizational structure and ultimate goal of achieving "efficiency and economy" in the litigation.   *See Manual* § 10.221. Gustafson Gluek and Kresch Oliver believe this case can be handled most efficiently and economically by the appointment of a single Lead Counsel and a single Liaison Counsel. This lean structure will benefit both the class members as well as the Court.  Plaintiff Steele also requests the Court to consolidate the related actions.

## II.     BACKGROUND

On January 28, 2011, Plaintiff Scott Steele filed a class action complaint with this Court.  This action alleges that Blue Cross Blue Shield Michigan's (BCBSM) use of most favored nation (MFN) clauses artificially inflated the prices paid for hospital services in markets throughout Michigan by inhibiting the negotiation of contracts at competitive price levels. The complaint alleges BCBSM's conduct has unreasonably restrained trade in violation of Section 1 and 2 of the Sherman Act, 15 U.S.C. §§ 1 & 2, and Section 2 of the Michigan Antitrust Reform Act, Mich. Comp. Laws § 445.772.

1

Prior to Plaintiff Steele filing the class action complaint, the Attorney General of the United States, and State Attorney General of Michigan ("Gov't Entities") filed a civil antitrust action against BCBSM on October 18, 2010.  The United States and State of Michigan are seeking to enjoin BCBSM from including MFN clauses in future contracts in Michigan, to enjoin enforcement of the MFN clauses and to remove such clauses from existing contracts.

On October 29, 2010, The Shane Group, Inc. and Bradley A. Veneberg ("Shane Group Plaintiffs") filed a class action complaint with this Court against BCBSM.  On December 8, 2010 Michigan Regional Council of Carpenters Employee Benefits Fund, Abatement Workers National Health and Welfare Fund, and Monroe Plumbers & Pipefitter Local 671 Welfare Fund ("Michigan Regional Council Plaintiffs") also filed a class action complaint in this Court against BCBSM.  On January 21, 2011 Plaintiff City of Pontiac filed a class action complaint against BCBSM, but also named twenty-one hospitals as defendants ("hospital defendants").  All four complaints allege similar claims and follow from the actions filed by the Gov't Entities.  On January 7, 2011, the Shane Group and Michigan Regional Council Plaintiffs filed a motion for consolidation, appointment of interim class and liaison counsel and initial pretrial schedule.

## III.   THE COURT SHOULD CONSOLIDATE THE RELATED ACTIONS FILED BY ALL PLAINTIFFS.

### A.   Standard for Consolidation

When multiple actions are before the court involving common questions of law or fact, the court has discretion to consolidate the actions.  Fed. R. Civ. P. 42(a).  The Sixth

Circuit set forth the following considerations for consolidation: "(1) [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties; (3) witnesses and available judicial resources posed by multiple lawsuits; (4) the length of time required to conclude multiple suits as against a single one; and (5) the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (*quoting Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)). In addition, "[c]are must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell*, 999 F.2d at 1011.

### B.     The Actions Should be Consolidated

The Court should consolidate the related actions because they involve common questions of law and fact, and consolidation would not result in any prejudice to the Parties. In addition, the burden on the parties, witnesses and judicial resources would be considerably lessened if the actions were consolidated.

The related actions filed against BCBSM are nearly identical and should be consolidated. First, the actions chiefly involve the same Defendant – Blue Cross Blue Shield of Michigan. Although Plaintiff City of Pontiac also names twenty-one hospitals as defendants; the hospital defendants will not suffer any prejudice, because the class definitions of all of the related actions are substantively the same. Thus, the inclusion of the putative classes represented by the Shane Group Plaintiffs, the Michigan Regional

Council Plaintiffs and Plaintiff Scott Steele would not increase the potential damages against the hospital defendants.  Therefore, the Defendants will suffer no harm or prejudice should the pending actions be consolidated.  In fact, litigating these related cases as one action would be more cost-effective and efficient for all parties.

Second, the related actions allege the same anti-competitive conduct by the Defendant, that BCBSM's use of MFNs or their equivalent in its contracts with hospitals illegally raised prices for hospital services to members of the Class.  The inclusion of twenty-one hospitals by the Plaintiff City of Pontiac does not change the anti-competitive conduct at issue – the MFNs.  Although Plaintiff City of Pontiac's complaint does not allege a Section 2 monopolization claim, the hospital defendants would not be liable for a Section 2 claims due to their lack of market share.

Third, the related actions are brought on behalf of identical or substantially similar classes, including persons who "paid for hospital services at a rate contracted for by BCBSM or one of its insurer competitors directly from a hospital with which BCBSM entered into an agreement that included a 'most favored nation' clause ("MFN") or its equivalent from at least as early as January 1, 2007 to the present (the "Class Period")." *Compare* Steele Complaint ¶ 17 *with* Shane Group Plaintiffs' Compl. ¶ 18 *and* Michigan Regional Council Plaintiffs' Compl. ¶ 81.  Plaintiff City of Pontiac similarly defines the class as "[a]ll non-Blue Cross persons and entities who paid any of the 21 named Hospital Defendants for hospital services covered by an MFN-Plus contract negotiated with Blue Cross."  Plaintiff City of Pontiac Compl. ¶ 127.

If the cases are consolidated, Plaintiff Steele is prepared to work with the other plaintiffs to file a single consolidated amended complaint that would make the claims in the four cases identical. Accordingly, the Court should consolidate the related actions against BCBSM.[1]

## IV.   THE COURT SHOULD APPOINT GUSTAFSON GLUEK AS INTERIM CLASS COUNSEL AND KRESCH OLIVER AS INTERIM LIASION COUNSEL

### A.     Applicable Standard for Appointment of Class Counsel

The *Manual* generally describes the types of organizational structures that are appropriate in complex, multi-party litigation. *See id.* at § 10.22.   In filling leadership positions, the *Manual* suggests that courts consider such matters as the qualifications and competence of the designated counsel, whether designated counsel fairly represent that various interests in the litigation, the attorneys' resources and commitment, and their ability to command the respect of and work with their colleagues.  *Id.* at § 10.224.

The consolidated actions before the Court today have all been brought as class actions in accordance with Rule 23 of The Federal Rules of Civil Procedure.  The Federal Rules specifically authorize the Court to "designate interim class counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3).   Courts must consider the following factors in appointing class counsel: (1) the work counsel has done in identifying or investigating potential claims in

---

[1] Plaintiff Steele agrees with the Shane Group and Michigan Regional Council Plaintiffs that these cases should not be consolidated with the government case.  Plaintiff Steele would agree, however, to coordinating discovery with the government action.

the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class.  Fed. R. Civ. P. 23(g)(1).  No single factor is determinative; all factors should be considered.  Fed. R. Civ. P. 23 advisory committee's notes (2003 Amends.).  The goal is to appoint counsel who will best represent the interests of the class and, in so doing, accomplish the goals of efficiency and economy.  *See, e.g.*, *Coleman v. General Motors Acceptance Corp.*, 220 F.R.D. 64, 100 (M.D. Tenn. 2004).

Finally, while some antitrust class action cases require a leadership of multiple firms and different layers of committees, this matter does not.  The Court must ensure that lead counsel's "charges will be reasonable."  *In re Delphi ERISA Litig.*, 230 F.R.D. 496, 498 (E.D. Mich. 2005).  The Court should be "mindful of its responsibilities to limit costs to protect the interest of the prospective class, and to dispel the perception that class action litigation is more about rewarding counsel than providing a cost effective remedy to claimants."  *In re Aurora Dairy Corp. Organic Milk Marketing and Sales Practices Litig.*, Nos. 4:08MD01907 ERW, 4:07CV01701 ERW, 4:08CV00254 ERW, 4:08CV00280 ERW, 4:08CV00303 ERW, 4:08CV00305 ERW, 4:08CV00371 ERW, 4:08CV00374 ERW, 4:08CV00382 ERW, 4:08CV00384 ERW, 4:08CV00385 ERW, 4:08CV00386 ERW, 4:08CV00387 ERW, 4:08CV00391 ERW, 2008 WL 1805731, at *2 (E.D. Mo. Apr. 18, 2008) (appointing one lead counsel for one element of the litigation and one lead counsel for a second element even though several multi-firm committee

6

structures had been proposed).  Courts have noted that the presence of multiple law firms as lead counsel can have a deleterious effect because it "can result in redundancies and inefficiencies that cause the total fee to increase. The potential for incurring extra fees is not in the class's best interest, unless there is some reason that two firms are needed." *Boyd v. NovaStar Financial Inc.*, Nos. 07-0139-CV-W-ODS, 07-0166-CV-W-ODS, 07-0176-CV-W-ODS, 07-0282-CV-W-ODS, 07-0170-CV-W-ODS, 07-0202-CV-W-ODS, 07-0147-CV-W-ODS, 07-0175-CV-W-ODS, 2007 WL 2026130, at *5 (W.D. Mo. July 9, 2007) (refusing to appoint a co-lead structure in a PSLRA class action case).

District courts – including this one – continually find that the appointment of one firm as class counsel is desirable.  *E.g. In re Delphi*, 230 F.R.D. at 498 (appointing one lead and one liaison counsel despite proposals for co-leadership between multiple firms). The Court in *In re Packaged Ice Litigation* found that a "lean structure is appropriate here because: This case follows a government prosecution including a guilty plea, involving only one product, three defendants (with several subsidiaries), a limited international aspect, and a relatively short time period." *In re Packaged Ice Litig.*, No. 08-MD-01952, 2009 WL 1518428, at *2 (E.D. Mich. June 1, 2009) (appointing one firm as lead counsel in antitrust class action after multiple firms moved the court for that position).

This case can be, not just adequately, but exceptionally litigated by one lead counsel firm and one liaison counsel firm.  The factors analyzed in *In re Packaged Ice* are closely mirrored in this case.  *See In re Packaged Ice Litig.*, 2009 WL 1518428 at *2. First, these consolidated actions follow a government investigation and civil prosecution.

Second, the case involves only one type of contract clause, where *In re Packaged Ice* only involved one product. Third, this case involves only one main defendant – BCBSM. Fourth, where the cause of action *In re Packaged Ice* had a limited international aspect, this case is geographically limited to Michigan.  Finally, the class period is also relatively short.

In addition to the Eastern District of Michigan, district courts across the nation have found the appointment of a single lead counsel appropriate in class actions.  *See, e.g.*, *Dupler v. Costco Wholesaler Corp.*, No. 06-CV-3141 (JFB)(ETB), 2010 WL 1506923 (E.D.N.Y. April 15, 2010) (approving class settlement of consumer claims and appointing one firm as class counsel); *O'Connor v. AR Resources, Inc.*, No. 3:08-cv-01703(VLB), 2010 WL 1279023 (D. Conn. Mar. 30, 2010) (approving class settlement and appointing one firm as class counsel); *Brady v. Deloitte & Touche LLP*, No. C 08-00177 SI, 2010 WL 1200045 (N.D. Cal. Mar. 23, 2010) (certifying class in employment classification suit and appointing one firm as class counsel). *Greis v. Standard Ready Mix Concrete*, No. C07-4013-MWB, 2009 WL 427281, at *8 (N.D. Iowa Feb. 20, 2009) (approving class settlement with one lead class counsel); *Hans v. Tharaldson*, Civil No. 3:05-cv-115, 2010 WL 1856267 (D.N.D. May 7, 2010) (certifying class and appointing one firm as class counsel); *Harju v. Olson*, Civil No. 08-1329 (JRT/RLE), 2010 WL 1286185 (D. Minn. Mar. 29, 2010) (granting motion for class certification and appointing one firm as class counsel).

Gustafson Gluek's experience litigating similar cases will allow it to streamline the process and provide the class the most effective representation in the most efficient manner possible.  Kresch Oliver's familiarity with the Court makes it the outstanding choice for Liaison Counsel.  Therefore, the Court should appoint Gustafson Gluek and Kresch Oliver as Lead and Liaison counsel as their experience in leading similar cases, breadth of knowledge on antitrust laws, and variety of resources will ultimately result in a fluid, efficient, and economical prosecution of the matters at hand.   When considered collectively, these issues as well as the 23(g) factors strongly support the appointment of Gustafson Gluek and Kresch Oliver as Lead Counsel and Liaison Counsel.

### B.    Rule 23(g) Factors Favor Appointment of Gustafson Gluek as Interim Class Counsel and Kresch Oliver as Interim Liaison Counsel

#### 1.    Identifying and Investigating Potential Claims

Gustafson Gluek has been actively investigating any and all potential claims relating to this litigation, since the Gov't Entities filed on October 18, 2010.  Indeed, the Gustafson Firm has spent hours investigating the market and the companies involved. Additionally, Gustafson Gluek has diligently tracked the DOJ investigation and will continue to investigate new developments as they arise.  Therefore, Gustafson Gluek has displayed its commitment to the case from its inception.

#### 2.    Counsel's Experience in Handling Class Actions, Other Complex Litigation, and Similar Claims

Gustafson Gluek has been practicing in the areas of complex litigation and class actions since its inception in 2003.  The firm's members collectively have over 60 years

9

of experience in complex antitrust, consumer protection and class action litigation. Gustafson Gluek practices before both state and federal courts throughout the country and works with and opposes some of the nation's largest companies and law firms.  Much of the firm's practice is devoted to the prosecution of antitrust violations.

Gustafson Gluek has been extensively involved in many significant antitrust and consumer protection cases either as a lead counsel or in other significant roles.  Some of these notable cases include:

- *In re DRAM Antitrust Litig*, MDL No. 1486 (N.D. Cal. and multiple state court actions) (co-lead counsel for indirect purchasers in nationwide action against national and international memory chip manufacturers);

- *Precision Assoc., Inc., v. Panalpina World Transport*, Case No. 08-Civ-0042 (E.D.N.Y.) (co-lead counsel in nationwide antitrust class action against international freight forwarders on behalf of direct purchaser class);

- *In re Medtronic, Inc., Sprint Fidelis Leads Products Liability Litig.*, MDL 1903 (D. Minn.) (sole lead counsel in nationwide product liability action against manufacturer of defective defibrillation leads);

- *In re Medtronic, Inc. Implantable Defibrillators Products Liability Litig.*, MDL No. 1726 (D. Minn.) (co-lead counsel in the nationwide product liability action against manufacturer of defective defibrillators that recovered nearly $100 million for plaintiffs);

- *In re Vitamin C Antitrust Litig.*, MDL No. 1783 (co-lead counsel representing the indirect purchaser class in the national antitrust litigation);

- *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, MDL No. 1720 (E.D.N.Y.) (member of executive committee in the nationwide antitrust class action against numerous financial institutions);

- *In re Aspartame Antitrust Litig.*, 06-cv-1732 (E.D. Pa.) (co-lead counsel in nationwide antitrust class action against national and international manufacturers of high intensity sweeteners);

10

- *In re MSG Antitrust Litig.*, MDL No. 1328 (D. Minn.) (at his previous firm, Mr. Gustafson served as co-lead counsel in antitrust class action against MSG manufacturers that recovered over $123 million for plaintiffs);

- *In re Oriented Strand Board Antitrust Litig.*, 06-cv-00826 (E.D. Pa) (extensive involvement in class plaintiffs' discovery against major manufacturers of OSB);

- *In re Air Cargo Shipping Services Antitrust Litig.*, MDL No. 1775 (E.D.N.Y) (extensive involvement in indirect purchaser litigation);

- *In re Static Random Access Memory (SRAM) Antitrust Litig.*, MDL No. 07-1819 (N.D. Cal.) (extensive involvement in indirect class plaintiffs discovery against major manufacturers of SRAM);

- *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 07-1827 (N.D. Cal.) (extensive involvement in indirect class plaintiffs discovery against major manufacturers of LCD products);

- *In re Flash Memory Antitrust Litig.*, Civ. No. 07-0086 (N.D. Cal.) (extensive involvement in indirect class plaintiffs discovery against major manufacturers of Flash Memory products)

Because of its experience and reputation for excellence in complex litigation cases, Gustafson Gluek has been appointed as Lead Counsel in numerous antitrust cases throughout its years of practice. The firm's vast experience and number of appointments is set forth in more detail in the firm resume attached as Exhibit 1.

### 3.   Counsel's Knowledge of the Applicable Law

Gustafson Gluek's extensive experience in antitrust class actions is directly tied to its member's exceptional knowledge of the applicable law. For example, Daniel Gustafson is a founder and member of Gustafson Gluek. After graduating with honors from the University of Minnesota Law School and clerking for Federal Judge Diana E.

Murphy, Mr. Gustafson immediately began working in the antitrust field.  Recently, Mr.

Gustafson was selected as one of *Minnesota Lawyer's* Attorneys of the Year for 2010.  In

each year since 2001, Mr. Gustafson has been designated by *Law & Politics* magazine as

a Minnesota "Super Lawyer," alternately in the fields of business litigation, class actions,

and antitrust.

      In addition to his involvement in many high-profile antitrust class action cases,

Mr. Gustafson is also highly committed to providing representation for indigent litigants.

Mr. Gustafson was one four lawyers who developed and implemented the Minnesota *Pro*

*Se* project for the Minnesota Chapter of the Federal Bar Association.  Because the FBA

did not have funding, Gustafson Glueck volunteered its office to administer the project

during its inaugural year, devoting extensive resources to matching *Pro Se* litigants with

counsel.  Chief Judge Michael Davis of the District of Minnesota recently awarded Mr.

Gustafson a "Distinguished Pro Bono Service Award,"

> . . . for rising to the Court's challenge of bringing the idea of
> the *Pro Se* Project to fruition and nurturing the Project into its
> current form. Their vision, dedication, perseverance, and
> tireless effort made the *Pro Se* Project—the first of its kind in
> Federal Courts across the Nation—what it is today.

*Bar Talk* (Dec. 2010), *available at* http://www.fedbar.org/Chapters/Minnesota-

Chapter/Newsletters.aspx.  Gustafson Glueck also accepted a separate award for its role in

directing *cy pres* funds to help support the *Pro Se* Project.

      Mr. Gustafson is also currently an adjunct professor at the University of

Minnesota Law School, has testified before the U.S. Congress' Antitrust Modernization

Commission, co-authored a chapter on practices in *International Handbook on Private Enforcement of Competition Law*, and is an Advisory Board Member of the American Antitrust Institute. Mr. Gustafson has also presented numerous seminars and continuing legal education pieces on various topics related to class action litigation, antitrust, consumer protection or legal advocacy, including: *Inside the Tent:  Class Action Plaintiffs' Counsel, CAFA, PSLRA*, (9/19/06); *Protecting the Public:  Pharmaceutical and Medical Device Litigation Seminar,* (11/17/06); *Class Actions:  What to Do When Your Client is a Member,* (2/2/07); *7th Annual Class Action/Mass Tort Symposium,* (10/19/07).

Gustafson Gluek has extensive experience and knowledge in antitrust litigation and will be tireless advocates for the class of Plaintiffs in this action.

### 4.     Resources Counsel will Commit to Representing the Class

As the Court is well aware, even efficiently-managed antitrust cases can extend multiple years and require a significant investment of both time and money.  Gustafson Gluek possesses the ability to devote its most experienced attorneys to this action as well as the financial wherewithal to provide the class with unsurpassed representation.  The most important resource Gustafson Gluek provides is its current and previous experience in similar actions.  This experience will allow Gustafson Gluek to streamline processes and proceed in an extremely efficient manner without any disadvantage to the class. Additionally, Gustafson Gluek has partnered with other law firms who have similarly extensive antitrust class action experience and who will ably aid in our prosecution of this

matter.   These firms include Freedman Boyd Hollander Goldberg & Ives, P.A., RodaNast, P.C., Lockridge Grindal Nauen P.L.L.P, and Zimmerman Reed.

Each of these firms has extensive experience in similar complex litigation in its own right, and has established leadership credentials in such cases.  Each of these firms unequivocally support the effective and efficient leadership structure proposed in this Motion.  Each firm also stands ready as needed to assist Gustafson Gluek and Kresch Oliver and to devote the effort and resources necessary for a successful prosecution of this case.  However, it is important for the Court to know that the time and money of the firms will not be spent recreating the wheel or on unnecessary and time-consuming make-work.  *See In re Delphi*, 230 F.R.D. at 498.  Because of Gustafson Gluek and Kresch Oliver's wealth of experience, this case will be a model of efficiency.

### 5.      Liaison Counsel – Kresch Oliver PLLC

Gustafson Gluek proposes that the Court appoint Kresch Oliver PLLC., as Liaison Counsel for the class of Plaintiffs.  Often, Liaison Counsel are charged with duties including communications between the Court and other counsel; advising parties of developments; convening meetings of counsel; and will generally have offices in the same locality as the Court.  *Manual*, § 10.221.

Kresch Oliver's offices are located in Southfield, Michigan.  The firm actively advocates on behalf of consumers across Michigan and nationwide in state and federal courts.  Partner Alyson Oliver has practiced extensively before this Court advocating for clients' rights.  Ms. Oliver gained extensive trial and litigation experience doing criminal

14

defense work in Oakland County, before moving into a consumer based civil practice.  In 2008 and 2009, Ms. Oliver was named a Top 100 Trial Attorney by the American Trial Lawyer's Association.

Kresch Oliver represents individuals and classes in anti-trust, consumer protection, pharmaceutical and medical device liability, civil rights, employment law, mortgage and bankruptcy matters.  Some of Kresch Oliver's representative cases include:

- *Barlow v. Logos Logistics*, 10-cv-14371 (E.D. Mich.) (lead counsel representing employees in overtime class action).

- *Cardinali v. Boehringer Ingelheim*, 09-cv-10602 (D. Minn.) (counsel in class action for mislabeling of drug Mirapex).

- *Chavez v. Waterford School District* 09-cv-12336 (E.D. Mich.) (representing teacher in ADA action for failure to reasonably accommodate disability).

- *McGuire v. Michigan Department of Community Health*, 10-cv-10553 (E.D. Mich.) (counsel for representative of mentally impaired in § 1983 action against guards for physical abuse).

- *Evans v. Ameritech Publishing* 10-cv-10706 (E.D. Mich.) (representing employee in racial discrimination case).

Kresch Oliver is highly dedicated to serving pro bono litigants and improving the Detroit community.   Ms. Oliver has accepted appointments in several pro bono cases, including *March v. Federal National Mortgage*, 08-cv-12138 (E.D. Mich.) (mortgage foreclosure), *Pittman v. Kolb*, 07-cv-14892 (E.D. Mich.) (§ 1983 case on appeal after denial of summary judgment), *Reid v. City of Flint*, 04-cv-73822 (E.D. Mich.) (§ 1983 trial).  Kresch Oliver has also worked extensively with the Wayne State Law School in development of consumer based programs.

15

As counsel that is intimately familiar with the Court and the community whose decisions it impacts, Alyson Oliver respectfully requests appointment as liaison counsel.

## V.    CONCLUSION

Plaintiff Steele respectfully requests the Court consolidate the above referenced cases, appoint Gustafson Gluek as Interim Class Counsel and appoint Kresch Oliver as Interim Liaison Counsel.

Dated: February 08, 2011                    Respectfully submitted,


/s/Alyson Oliver
Alyson Oliver (#55020)
**Kresch Oliver PLLC**
24100 Southfield Road, Suite 305
Southfield, MI 48075
Telephone: (248) 327-6556
Facsimile: (248)436-3385
aoliver@krescholiver.com

Daniel E. Gustafson
Daniel C. Hedlund
Joshua Rissman
**Gustafson Gluek PLLC**
650 Northstar East
608 Second Avenue South
Minneapolis, MN 55402
Telephone: (612) 333-8844
Facsimile: (612) 339-6622
dgustafson@gustafsongluek.com
dhedlund@gustafsongluek.com
jrissman@gustafsongluek.com

Joseph Goldberg
**Freedman Boyd Hollander Goldberg
& Ives, P.A.**
20 First Plaza, Suite 700

16

Albuquerque, NM  87102
Telephone:  (505) 842-9960
Facsimile:  (505) 842-0761
jg@fbdlaw.com

Dianne M. Nast
**RodaNast, P.C.**
801 Estelle Drive
Lancaster, PA  17601
Telephone:  (717) 892-3000
Facsimile:  (717) 892-1200
dnast@rodanast.com

W. Joseph Bruckner
Richard A. Lockridge
**Lockridge Grindal Nauen P.L.L.P.**
100 Washington Avenue South,
Suite 2200
Minneapolis, MN  55401
Telephone:  (612) 339-6900
Facsimile:  (612) 339-0981
wjbruckner@locklaw.com
ralockridge@locklaw.com

Charles S. Zimmerman
Anne T. Regan
**Zimmerman Reed**
Zimmerman Reed, PLLP
1100 IDS Center
80 South 8th Street
Minneapolis, MN 55402
charles.zimmerman@zimmreed.com
anne.regan@zimmreed.com

*Attorneys for Plaintiff*

17

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

SCOTT STEELE, on behalf of       )    Case No. 2:11-cv-10375-DPH-VMM
himself and all others similarly    )
situated,                        )    Honorable Denise Page Hood
                              )
           Plaintiff,        )
                              )
v.                               )
                              )
BLUE CROSS BLUE SHIELD      )
OF MICHIGAN,                )
                              )
          Defendant.      )
_____ )

## CERTIFICATE OF SERVICE

The foregoing document was served via CM/ECF to all parties registered to

receive notice via CM/ECF in this matter pursuant to local Court Rule on the date listed

below.

February 9, 2011                        /s/Alyson Oliver
                                    Alyson Oliver (#55020)
                                    **Kresch Oliver PLLC**
                                    24100 Southfield Road, Suite 305
                                    Southfield, MI 48075
                                    Telephone: (248) 327-6556
                                    Facsimile: (248)436-3385
                                    aoliver@krescholiver.com

18

19